# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| FRANCIS NEKVASIL and ) | |
| KIMBERLY C. GOODSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-0305 |
| ) | |
| NEAL REHBERG, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **PROPOSED FINDINGS AND RECOMMENDATION**

Plaintiffs[1] have filed a Complaint naming Neal Rehberg, Clinical Director at FPC Alderson, James A. Blankenship, Health Service Administrator, Deborah Hickey, Warden, and Morice Meeghagen, Captain, as Defendants. (Document No. 1.) While Ms. Nekvasil and Ms. Goodson are named as Plaintiffs, Ms. Nekvasil signed the Complaint. Ms. Goodson did not. The Plaintiffs did not file Applications to proceed *in forma pauperis*. It appears that Ms. Nekvasil makes a statement of her claim and requests relief. Ms. Goodson does not.[2] Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court may recommend dismissal of a case if the Complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. Applying these statutes, because Ms. Goodson states no facts at all which indicate a claim for which relief can be granted, the undersigned finds and hereby respectfully recommends that insofar as Ms. Goodson is named as a Plaintiff, the

---

[1] According to the Bureau of Prisons' Inmate Locator, Plaintiff Francis Nekvasil is incarcerated at FPC Alderson with a projected release date of January 13, 2011. The Inmate Locator indicates that Plaintiff Kimberly Goodson was released on April 10, 2007.

[2] Ms. Goodson has initiated the following actions in this Court: *Goodson v. Hickey*, 1:04-1025 (*habeas* action); *Goodson v. Hicket, et al.*, 1:05-0676 (*Bivens* action); *Goodson v. Hickey, et al.*, 1:06-0702 (*Bivens*/ FTCA action).

Complaint must be dismissed as to her. The undersigned further respectfully recommends that Ms. Nekvasil's Complaint be dismissed for the reasons stated below.

Plaintiff Nekvasil states that though a prison grievance procedure exists at FPC Alderson, she did not present her claims through it "[b]ecause the administrative process does not work! My attorney advised me NOT to do it!"[3] Plaintiff states as follows in her Statement of Claim:

> Prison officials have been deliberately indifferent to serious medical needs and or ATTENTION! Inadequate prison health care rises to violation of Eighth Amendment Rights. Right to medical treatment is found in due process clause or in equal protection clause! I also have a right to be free from cruel and unusual punishment. There is a pattern of repeated negligent acts by prison officials and medical staff of such systematic and gross deficiencies in staffing, facilities, equipment or procedures as to deny medical care for myself and other inmates access to medical care. Under Eighth Amendment it is stated when prison officials intentionally deny access to medical care or interference with prescribed treatment of prisoners, it is clearly in violation of Eighth Amendment Rights! Alderson DOES NOT have wheel chair access and I am on a walker so therefore I am denied access to facilities such as the Legal Library, Chapel, Commissary, and most of all health service department and psychology department also. I have been threatened by BOP staff (The Captain Mr. Meeghagen). He was going to teach me a lesson if I did NOT shut my mouth and stop my attorney from calling in here asking questions! Psychology Department was also asked to falsify documents on myself and Kimberly Goodson to state we were suicidal and homicidal. Psychology Department told both of the inmates they wanted no part of such an act and valued their jobs and career. I am in desparate need of health care for my knees and diabetes. After approaching health care staff for needed care I was locked up in the suicide room for several days without reading materials and or adequate access to telephone, personal property, and shower and bathroom facilities without someone present while I used the bathroom. This is clearly cruel and unusual punishment and violates my Eighth Amendment Rights.

Plaintiff Nekvasil requests relief as follows:

---

[3] Plaintiff indicates that she contacted Attorney Craig Sokolow of Philadelphia, Pennsylvania, to represent her in this matter. It does not appear that Attorney Sokolow is actually representing Plaintiff Nekvasil in this matter. Plaintiff is therefore acting *pro se.* Because Plaintiff is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> I am asking that the court see fit to allow me to do the remainder of my incarceration on home confinement since the BOP refuses to send me to an adequate facility for medical care of serious medical needs or treatment. BOP staff refuses my needed pain medications. At home I could provide the adequate needed medical care I desperately need. I could go to my family doctors who would not have to refer to a medical book concerning my medical needs and concerns. I am also asking for punitive damage for the emotional distress I have suffered at the hands of these BOP officials.

By letter filed on May 16, 2007, Plaintiff Nekvasil stated as follows (Document No. 4.):

> I would like to add this to my complaint. A request for immediate release on home confinement. I have been given a diagnosis of lung cancer and possible spread as evident by the lymph nodes being infected. This diagnosis was given to me on March 26, 2007, and I have had no treatment or even a suggestion of one. I have 100% insurance at home and want to use my own doctors as they will do the possible for me. All of my other medical problems have worsened.

## **DISCUSSION**

It is apparent that Plaintiff Nekvasil is seeking relief under the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, and for alleged violations of Plaintiff's constitutional and civil rights pursuant to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[4]

### A. **Exhaustion of Administrative Remedies.**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may

---

[4] A *Bivens* action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395 - 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under *Bivens* must show the violation of a valid constitutional right by a person acting under color of federal law.

3

not afford them the relief they might obtain through civil proceedings.[5] Woodford v. Ngo, 548 U.S. __, 126 S.Ct. 2378, 2382 - 2383, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 922, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Services, 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies. The Fourth Circuit stated in Anderson, 470 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

"[T]here is no futility exception to the PLRA's exhaustion requirement." Massey v. Helman, 196

---

[5] 42 U.S.C. § 1997e(a) provides as follows:

No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

F.3d 727, 733 (7th Cir. 1999), *cert. denied*, 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001). But the plain language of the statute requires that only "available" administrative remedies be exhausted. A grievance procedure is not "available" if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedy for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.) If an inmate exhausts administrative remedies with respect to some, but not all, of the claims he raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, __ S.Ct. __, 2007 WL 135890, Court's Syllabus (c)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.")

Plaintiff Nekvasil indicates on the face of her Complaint that she did not present her claims through the administrative remedies process "[b]ecause the administrative process does not work! My attorney advised me NOT to do it!" Under these circumstances, the undersigned finds that Plaintiff Nekvasil has failed to state a claim for which relief can be granted because she acknowledges that she has not submitted her claims through the BOP's administrative remedies process and has therefore not exhausted administrative remedies. Plaintiff Nekvasil's Complaint must therefore be dismissed.

### B.     Relief Under 18 U.S.C. § 3582(c).

18 U.S.C. § 3582(c)'s allowance for compassionate release from custody is implicated by Plaintiff Nekvasil's requests for early release from custody to seek medical care as contained in her Complaint and due to her diagnosis of lung cancer as reported in her May 16, 2007, letter. Section 3582(c) provides as follows:

> **(c) Modification of an imposed term of imprisonment.** – The court may not modify a term of imprisonment once it has been imposed except that –
> **(1)** in any case –
> **(A)** the court, upon Motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
> **(i)** extraordinary and compelling reasons warrant such a reduction[.]

Because the Director of the Bureau of Prisons has not filed a motion to reduce Ms. Nekvasil's term of imprisonment, the District Court has no statutory authority to consider her request for compassionate release.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing factual findings and legal analysis and **RECOMMENDS** that the District Court **DISMISS** Plaintiffs' Complaint (Document No. 1.) and remove this matter from the Court's docket.

Plaintiffs are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiffs shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court

specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiffs who are acting *pro se*.

ENTER: May 29, 2007.

R. Clarke VanDervort
United States Magistrate Judge