```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    BLUEFIELD DIVISION
```

**FRANCIS NEKVASIL and**
**KIMBERLY GOODSON,**

    Plaintiffs,

v.                                         Civil Action No. 1:06-0305

**NEAL REHRBERG, et al.,**

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court are Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation [hereinafter "PF&R"] and petitioner's objection to the PF&R.  For reasons discussed below, this court adopts in part and denies in part Magistrate Judge VanDervort's PF&R, and remands this case to Magistrate Judge VanDervort for further inquiry consistent with this Memorandum Opinion and Order.

### I.  Factual Background

On April 27, 2006, the plaintiffs filed a complaint, in which they named as defendants Neal Rehberg, clinical director of Alderson Federal Prison Camp ("Alderson"); James A. Blankenship, health service administrator at Alderson; Deborah Hickey, Warden at Alderson; and Morice Meeghagen, captain at Alderson.  (Doc. No. 1.)  In her complaint, plaintiff Nekvasil alleges that defendants violated her Eighth Amendment rights by acting with deliberate indifference to her serious medical needs.  (<u>Id.</u> at

4.) Because of this indifference to her medical needs, plaintiff Nekvasil asks that she be allowed to spend the remainder of her incarceration on home confinement. (Id. at 5.) Plaintiff Goodson makes no statements in the complaint, and she did not sign the complaint. (See id. at 1-7.)

By Standing Order entered on July 21, 2004, and filed on April 27, 2006, this case was referred to United States Magistrate Judge R. Clarke VanDervort for initial screening and submission of a PF&R, pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 2.) On May 29, 2007, the magistrate judge entered his PF&R (Doc. No. 5), in which he proposed that the district court (1) dismiss the complaint as to plaintiff Goodson under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted; dismiss plaintiff Nekvasil's complaint for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a); and deny plaintiff Nekvasil's request for compassionate release because the district court lacks the statutory authority to consider her request pursuant to 18 U.S.C. § 3582(c). (Id. at 2-6.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's PF&R.

2

Plaintiff Nekvasil filed an objection on June 7, 2007.[1] (Doc. No. 6.) In her objection, plaintiff states that she did not exhaust all available administrative appeals because she was denied access to the proper forms and because an attorney advised her not to file an administrative appeal. (Id. at 1.)

The court has conducted a *de novo* review of plaintiff Nekvasil's claims, and it will consider her objection to the PF&R.

## II. Analysis

### A. Plaintiff Goodson

Although a named plaintiff, Kimberly Goodson did not make any statements in the complaint, and she did not sign the complaint. (See Doc. No. 1.) Magistrate Judge VanDervort proposed that this court dismiss the complaint as to plaintiff Goodson for failure to state a claim for which relief can be granted. (Doc. No. 5 at 1-2.) Plaintiff Goodson did not file any objections to the PF&R, and in failing to do so, she waives her right to a de novo review by this court. Thomas v. Arn, 474 U.S. 140 (1985); Snyder v. Ridenour, 889 F.2d 1363 (4th Cir.

---

[1] Plaintiff Nekvasil addressed her objection to the PF&R in a letter dated June 5, 2007. (Doc. No. 6.) Plaintiff does not identify in her letter that she intends the letter to be her objection to the PF&R, but because plaintiff is acting *pro se*, the documents that she files are held to a less stringent standard, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and this court will construe plaintiff's letter as a timely objection to Magistrate Judge VanDervort's PF&R.

1989).  As such, this court adopts Magistrate Judge VanDervort's recommendation and dismisses the complaint as to plaintiff Goodson.

### B. Exhaustion of administrative remedies

In her complaint, plaintiff Nekvasil indicated that she did not exhaust all available administrative remedies "[b]ecause the Administrative Process Does NOT work!  My attorney advised me NOT to do it!"  (Doc. No. 1 at 3 (emphasis in original).)  Magistrate Judge VanDervort stated in the PF&R that it is apparent from the face of her complaint that plaintiff Nekvasil did not exhaust all her administrative remedies, and he proposed that this court dismiss plaintiff Nekvasil's complaint for failure to do so.  (Doc. No. 5 at 5.)

The Prison Litigation Reform Act (the "PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); see also Anderson v. XYZ Corr. Health Serv., Inc., 407 F.3d 674, 675 (4th Cir. 2005).  However, the plain language of the statute requires that inmates exhaust only "available" administrative remedies before filing a complaint under the PLRA, and administrative remedies are not "available" to inmates if prison officials prevent inmates from using them.  See Dale v. Lappin,

4

376 F.3d 652, 656 (7th Cir. 2004); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(holding that the district court improperly dismissed prisoner's complaint for failure to exhaust remedies when it did not consider the inmate's allegations that prison officials refused to provide him with the proper grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(holding that an inmate's allegation in his complaint that prison officials failed to respond to his written requests for administrative forms was sufficient to raise an inference that inmate had exhausted all available remedies).

The Fourth Circuit has held that failure to exhaust administrative remedies is an affirmative defense, and the PLRA does not "require a prisoner to allege that he has exhausted his administrative remedies" in his pleading.  Id. ("The statute gives prisons and their officials a valuable entitlement - the right to *not* face a decision on the merits - which courts must respect *if a defendant chooses to invoke it*." (quoting Perez v. Wis. Dep't of Corr., 182 F.3d 532, 536 (7th Cir. 1999) (emphasis in original)).

Still, courts may raise the issue of exhaustion of administrative remedies at the pleading stage on their own motion.  Id. at 682.  However, "[e]xcept in the rare case where failure to exhaust is apparent from the face of the complaint, . . . a district court cannot dismiss the complaint without first

5

giving the inmate an opportunity to address the first issue."
Id.

The defendants have not filed any responsive pleadings in this case, so the failure to exhaust available remedies has not been raised as an affirmative defense.  However, Magistrate Judge VanDervort found that this was an instance where it is apparent from the face of plaintiff Nekvasil's complaint that she did not exhaust all available administrative remedies.

Plaintiff Nekvasil's objection attempts to clarify her response to the question in the complaint form of whether or not she had filed a grievance procedure.  Plaintiff Nekvasil states in her objection,

> I did ask for but were [sic] never given access to the forms for Administrative Relief.  I have spoken to many inmates who also ask [sic] for but were denied access to those forms.  This process does not work if your complaint is medical.  That is why I gave up and listed Mr. Sokolof's [r]emarks in my original filing, concerning not filing the forms.[2]

(Doc. No. 6.)  Plaintiff Nekvasil also claims in her objection to have evidence of prison officials denying her access to grievance forms.  (Id.)

---

[2] Plaintiff Nekvasil indicates that she contacted Attorney Craig Sokolow of Philadelphia, Pennsylvania, to represent her in this action, and she claims that after explaining the situation to him, he advised her not to file a grievance procedure.  (Doc. Nos. 1, 6.)  However, Mr. Sokolow is not representing plaintiff Nekvasil in this matter.  (Doc. No. 5 at n.3.)

6

Given the language in the complaint, it was reasonable for Magistrate Judge VanDervort t0 have initially concluded that plaintiff Nekvasil had not exhausted all available administrative remedies.  However, after examining plaintiff Nekvasil's objection, which attempts to clarify her complaint, this court concludes that it is not apparent from the complaint that plaintiff Nekvasil failed to exhaust all *available* administrative remedies.  Under the less stringent standards to which courts hold pro se filings, the answer, "Because the Administrative Process Does NOT work!", can be interpreted as plaintiff's attempt to state how she had been prevented from using the prisoner grievance procedure at Alderson.  If so, plaintiff has raised the inference that she has exhausted all *available* administrative remedies.  See Miller, 247 F.3d at 740.

Because failure to exhaust administrative remedies is an affirmative defense that has not been raised by defendants, and because inmates should be given a chance to address this issue except in the "rare case where failure to exhaust is apparent from the face of the complaint," Anderson, 407 F.3d at 682, this court remands this matter to Magistrate Judge VanDervort so that he can determine whether prison officials prevented plaintiff Nekvasil from utilizing the grievance procedure at Alderson.

7

### III. Conclusion

For the reasons discussed above, the magistrate judge's recommendation to dismiss the complaint as to plaintiff Goodson was well reasoned and supported by court rules and case law. Therefore, the court adopts the findings and recommendation in Magistrate Judge VanDervort's PF&R as they pertain to plaintiff Goodson, and it **DISMISSES** the complaint as to plaintiff Kimberly Goodson.

Because the court concludes that plaintiff Nekvasil has raised the inference in her complaint that prison officials prevented her from using the grievance procedure at Alderson, it **REMANDS** the case to Magistrate Judge VanDervort for further inquiry consistent with this Memorandum Opinion and Order.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to Magistrate Judge VanDervort, all counsel of record, all unrepresented parties, and to the plaintiff, pro se.

IT IS SO ORDERED this 16th day of July, 2007.

ENTER:

David A. Faber
Chief Judge