**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **FRANCIS NEKVASIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:06-0305** |
| | ) | |
| **NEAL REHBERG, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending are Plaintiff Nekvasil's Application to Proceed Without Prepayment of Fees (Document No. 15.) and Defendants' Motion for Summary Judgment (Document No. 16.). The Court notified Plaintiff Nekvasil pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff Nekvasil had the right to file a response to Defendants' Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting her claims as they are challenged by Defendants in moving for summary judgment. (Document No. 19.) Plaintiff Nekvasil has filed a Response to Defendants' Motion and an Affidavit in Support. (Document No. 22.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Plaintiff Nekvasil's Application to Proceed Without Prepayment of Fees and grant the Defendants' Motion for Summary Judgment.

**FACTUAL AND PROCEDURAL HISTORY**

On April 27, 2006, Plaintiff Nekvasil, formerly incarcerated at FPC Alderson,[1] in Alderson, West Virginia, filed a Complaint claiming entitlement to relief under the Federal Tort Claims Act

---

[1] The Bureau of Prison's Inmate Locator indicates that Plaintiff is presently incarcerated at FMC Carswell, located in Fort Worth, Texas.

[FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, and for alleged violations of Plaintiff's constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619(1971). (Document No. 1.) Plaintiff Nekvasil names the following as Defendants: (1) Neal Rehberg, Clinical Director at FPC Alderson; (2) James A. Blankenship, Health Service Administrator; (3) Deborah Hickey, Warden;[2] and (4) Morice Meeghagen, Captain. (Id.) Although Plaintiff Nekvasil acknowledges that the grievance procedures exist at FPC Alderson, Plaintiff contends that she did not present her claims through it "[b]ecause the administrative process does not work! My attorney advised me NOT to do it."[3] (Id., p. 3.) Plaintiff Nekvasil states as follows in her Statement of Claim:

> Prison officials have been deliberately indifferent to serious medical needs and or ATTENTION! Inadequate prison health care rises to violation of Eighth Amendment Rights. Right to medical treatment is found in due process clause or in equal protection clause! I also have a right to be free from cruel and unusual punishment. There is a pattern of repeated negligent acts by prison officials and medical staff of such systematic and gross deficiencies in staffing, facilities, equipment or procedures as to deny medical care for myself and other inmates access to medical care. Under Eighth Amendment it is stated when prison officials intentionally deny access to medical care or interference with prescribed treatment of prisoners, it is clearly in violation of Eighth Amendment Rights! Alderson DOES NOT have wheel chair access and I am on a walker so therefore I am denied access to facilities such as the Legal Library, Chapel, Commissary, and most of all health service department and psychology department also. I have been threatened by BOP staff (The Captain Mr. Meeghagen). He was going to teach me a lesson if I did NOT shut my mouth and stop my attorney from calling in here asking questions! Psychology Department was also

---

[2] Deborah Hickey is no longer Warden of FPC Alderson. Amber Nelson is.

[3] Plaintiff indicates that she contacted Attorney Craig Sokolow of Philadelphia, Pennsylvania, to represent her in this matter. It does not appear that Attorney Sokolow is actually representing Plaintiff Nekvasil in this matter. Plaintiff is therefore acting *pro se*. Because Plaintiff is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

asked to falsify documents on myself and Kimberly Goodson to state we were suicidal and homicidal. Psychology Department told both of the inmates they wanted no part of such an act and valued their jobs and career. I am in desperate need of health care for my knees and diabetes. After approaching health care staff for needed care I was locked up in the suicide room for several days without reading materials and or adequate access to telephone, personal property, and shower and bathroom facilities without someone present while I used the bathroom. This is clearly cruel and unusual punishment and violates my Eighth Amendment Rights.

(Id., pp. 4 - 5.) Plaintiff Nekvasil requests relief as follows (Id., p. 5.):

I am asking that the court see fit to allow me to do the remainder of my incarceration on home confinement since the BOP refuses to send me to an adequate facility for medical care of serious medical needs or treatment. BOP staff refuses my needed pain medications. At home I could provide the adequate needed medical care I desperately need. I could go to my family doctors who would not have to refer to a medical book concerning my medical needs and concerns. I am also asking for punitive damage for the emotional distress I have suffered at the hands of these BOP officials.

On May 16, 2007, Plaintiff Nekvasil filed a letter form Motion for Immediate Release on Home Confinement. (Document No. 4.) Plaintiff Nekvasil stated as follows in her letter:

I would like to add this to my complaint. A request for immediate release on home confinement. I have been given a diagnosis of lung cancer and possible spread as evident by the lymph nodes being infected. This diagnosis was given to me on March 26, 2007, and I have had no treatment or even a suggestion of one. I have 100% insurance at home and want to use my own doctors as they will do the possible for me. All of my other medical problems have worsened.

(Id.) The undersigned submitted Proposed Findings and Recommendation on May 29, 2007, recommending as follows: (1) To the extent Ms. Kimberly Goodson is named as a plaintiff, the Complaint be dismissed for failure to state a claim upon which relief can be granted;[4] (2) Plaintiff Nekvasil's Complaint be dismissed based upon Plaintiff's admitted failure to exhaust administrative remedies; and (3) Plaintiff Nekvasil's request for compassionate release be denied based upon the Court's lack of statutory authority to consider her request pursuant to 18 U.S.C. § 1382(c).

---

[4] Although Kimberly Goodson is named as a Plaintiff, she failed to make any statement of a claim and failed to sign the Complaint. (Document No. 1.)

3

(Document No. 5.) On June 7, 2007, Plaintiff Nekvasil filed her objections to the Proposed Findings and Recommendation indicating that prison officials had prevented her from pursuing her claims administratively.  (Document No. 6.) By Memorandum Opinion and Order filed on July 16, 2007, the District Court dismissed the Compliant as to Ms. Goodson and remanded the matter back to the undersigned to "determine whether prison officials prevented plaintiff Nekvasil from utilizing the grievance procedure at Alderson." (Document No. 7.)

By Order entered on December 19, 2007, the undersigned construed Plaintiff Nekvasil's letter filed on May 16, 2007, as an addendum to her Complaint. (Document No. 10.). The Court reasoned that Plaintiff Nekvasil's letter was a more specific statement of reasons for her request for relief. (Id.) Although Plaintiff Nekvasil failed to pay the Court's filing fee or obtain approval to proceed *in forma pauperis*, the undersigned directed the Clerk to issue process and required Defendants to file a response to Plaintiff's Complaint and claim that she was denied access to administrative remedy forms and prevented from using the prison's grievance procedures. (Id., pp. 1 - 2.) Additionally, the Court ordered Plaintiff Nekvasil to pay the Court's filing fee of $350 or return the form Application to Proceed Without Prepayment of Fees completed in all respects by January 18, 2008. (Id., p. 3.) On January 8, 2008, Plaintiff Nekvasil filed her Application to Proceed Without Prepayment of Fees. (Document No. 15.)

On February 15, 2008, Defendants filed their Response and Motion for Summary Judgment.[5]

---

[5] Federal Rule of Civil Procedure 12(d) provides that

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

4

(Document No. 16.) In support of their Motion, Defendants filed the Declarations of the following individuals: Teresa Webb, Melissa Evans, and Tina Altizer. (Document No. 16-2.) Defendants state that "Plaintiff has not been prevented from utilizing the Administrative Remedy Program." (Document No. 16, p. 3.) Specifically, Defendants argue that Plaintiff Nekvasil has always had access to the grievance forms and she never indicated that she was denied access to the forms prior to her objection to the undersigned's Proposed Findings and Recommendation. (Id.) Defendants further emphasize that Plaintiff Nekvasil's allegation "directly conflicts with Plaintiff's statement in her original complaint" that Plaintiff failed to file any administrative remedies "because the Administrative Process does NOT work." (Id.) Defendants note that Plaintiff Nekvasil filed administrative remedy requests subsequent to the filing of her Complaint in the instant case. (Id., pp. 6 - 7.)

On March 5, 2009, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff, advising her of her right to file a response to the Defendants' Motion for Summary Judgment. (Document No. 19.) On March 30, 2009, Plaintiff Nekvasil filed her Response to Defendants' Motion. (Document No. 22.)  Plaintiff Nekvasil continues to argue that she was prevented from exhausting her administrative remedies. Specifically, Plaintiff Nekvasil states that "[t]he administrative remedy process was obstructed by Ms. Sea (Mrs. Webb), who was asked for a BP-9 for medical and refused." Plaintiff Nekvasil claims that her counselors also denied her grievance forms. Specifically, Plaintiff Nekvasil states that "Ms. Evans referred me back to Ms. Webb." Finally, Plaintiff Nekvasil contends that she was able to file her recent administrative remedies because she threatened to go to the Assistant Warden if the forms were not provided.

## THE STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine

issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no facts or inferences which can be drawn from the circumstances will support Plaintiff's claims, summary judgment is appropriate.

## **DISCUSSION**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[6] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983,

---

[6] 42 U.S.C. § 1997e(a) provides as follows:

No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). "[T]here is no futility exception to the PLRA's exhaustion requirement." Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires that only "available" administrative remedies be exhausted. A grievance procedure is not "available" if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims she raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001)(*overruled*

*on other grounds*), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in <u>Neal</u>, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. <u>Neal</u>, 267 F.3d at 123. In <u>Freeman v. Francis</u>, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. <u>See</u> <u>Jones v. Bock</u>, <u>supra</u>; <u>Anderson v. XYZ Correctional Health Services</u>, 407 F.3d 674, 677 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. <u>See</u> <u>Dale v. Lappin</u>, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a <u>Bivens</u> suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted))

In the instant case, Plaintiff Nekvasil was clearly aware of the grievance process. Upon Plaintiff Nekvasil's arrival at FPC Alderson in July, 2005, Plaintiff was required to attend inmate orientation concerning various programs at the prison. (Document No. 16-2, Declaration of Tina Altizer, ¶ 10.) As part of Plaintiff Nekvasil's orientation, Plaintiff was required to attend a class explaining the administrative remedy process. (<u>Id.</u>, ¶ 11.) By signing the "Institution Admissions and

Orientation Program Checklist," Plaintiff Nekvasil acknowledged that she attended the class explaining the administrative remedy process on July 14, 2005. (Document No. 16-2, pp. 3 - 4, Exhibit 1, Attachment A.) Plaintiff's Case Manager, Tamara Barley, further reviewed the administrative remedy process with Plaintiff Nekvasil on July 18, 2005. (Id., pp. 5 - 6, Exhibit 1, Attachment B.) Finally, Plaintiff Nekvasil signed the "Unit Admission and Orientation Program Checklist" acknowledging that she had the opportunity to discuss the administrative remedy process with her Unit Manager. (Id.)

Plaintiff Nekvasil's allegation that prison officials prevented her from utilizing the administrative remedy process by withholding grievance forms is not supported by the record. In support of their Motion, Defendants filed Declarations from members of Plaintiff Nekvasil's unit team.[7] First, Tina Altizer declares that she is a Unit Manager at FPC Alderson and "part of my duties include directing and overseeing the housing unit and supervising the other members of the unit team." (Document No. 16-2, Declaration of Tina Altizer, ¶¶ 1 and 8.) Ms. Altizer explains that Plaintiff Nekvasil has been assigned to her unit since July 14, 2005, and it would have been her responsibility to address any of Plaintiff's complaints concerning her Unit Counselor or Case Manager, including claims that they were not providing Plaintiff with administrative remedy forms. (Id., ¶¶ 5 and 9.) Ms. Altizer states that "Inmate Nekvasil has never complained to me that she was denied access to any administrative remedy forms, nor have any members of my team notified me that she had made such a complaint." (Id., ¶ 13.) Ms. Altizer further declares that "[i]f Inmate Nekvasil had requested administrative remedy forms from me, or complained that the forms were not

_____

[7] A unit team consists of a Unit Manager, Unit Counselor, and a Case manager. "The unit team generally oversees the day to day operation of the housing units as well as the implementation of individual programs tailored to meet the particular needs of the inmates in the unit." (Document No. 16-2, Declaration of Tina Altizer, ¶¶ 4 and 7.)

available, I would have made sure the forms were provided to her." (Id., ¶ 14.)

Next, Teresa Webb declares that she is a Unit Counselor at FPC Alderson and her "duties include attempting to informally resolve complaints made by inmates assigned to me, and to provide them with administrative remedy forms if a complaint cannot be resolved." (Id., Declaration of Teresa Webb, ¶¶ 1 and 3.) Ms. Webb explains that she has been assigned as Unit Counselor for Plaintiff Nekvasil since February 13, 2006, and "Inmate Nekvasil has never complained to me that she has not received administrative remedy forms when she requested them." (Id., ¶¶ 4 and 7.) Specifically, Ms. Webb states that "[w]hen Inmate Nekvasil has requested administrative remedy forms from me, I have provided her the forms." (Id., ¶ 6.)

Finally, Melissa Evans declares that she is a Case Manager at FPC Alderson and her "duties include assisting individual inmates assigned to me with problems that arise." (Id., Declaration of Melissa Evans, ¶¶ 1 and 2.) Ms. Evans states that she has been assigned as Case Manager for Plaintiff Nekvasil since July 14, 2005, and Plaintiff "has had the opportunity to meet with me on a regular basis since her arrival." (Id., ¶¶ 3 and 5.) Ms. Evans explains that "[i]f an inmate is having difficulty getting an administrative remedy form from a Unit Counselor, I will either provide the inmate the form or see to it that the Unit Counselor provides the inmate the forms." (Id., ¶ 4.) Ms. Evans states that "Inmate Nekvasil has never indicated to me that she has been denied access to administrative remedy forms. Had she ever indicated this to me, I would have made sure that she received the proper forms." (Id., ¶ 6.)

Based on the foregoing, the undersigned finds that Plaintiff Nekvasil was not denied grievance forms or otherwise prevented from exhausting her administrative remedies. Although Plaintiff Nekvasil now asserts that prison officials prevented her from exhausting her administrative remedies, she initially indicated in her Complaint that she did not present her claims through the

10

administrative remedy process "[b]ecause the administrative process does not work." Thus, Plaintiff

Nekvasil did not assert the above claim until receiving the undersigned's Proposed Findings and

Recommendation that Plaintiff's action be dismissed for failure to exhaust. In the Proposed Finding

and Recommendation, the undersigned explained that only "available" administrative remedies must

be exhausted and a grievance procedure is not "available" if prison officials prevent an inmate from

using it. Plaintiff Nekvasil subsequently made unsupported, conflicting, and self-serving statements

alleging that prison officials prevented her from exhausting her administrative remedies. Courts,

however, "generally consider self-serving opinions without objective corroboration not significantly

probative." [8] Evans v. Techs. & Applications Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996). The Court

notes that even though Plaintiff Nekvasil indicated in a prior filing that she had evidence supporting

her claim that prison officials denied her access to grievance forms, Plaintiff failed to produce such

evidence.[9] See Williams v. Torres, 2008 WL 525457 (D.S.C. Feb. 25, 2008)(stating that "Plaintiff's

bald assertion that he filed 'numerous' unanswered grievances is insufficient to defeat summary

judgment on the issue of whether he has exhausted his administrative remedies"). Furthermore,

Plaintiff Nekvasil has clearly filed administrative remedies subsequent to the filing of the Complaint

---

[8] Ms. Altizer, Ms. Webb, and Ms. Evans' Declarations include documents corroborating their statements. Thus, the above Declarations have probative value.

[9] In her objection to the undersigned's Proposed Findings and Recommendation, Plaintiff alleged that "I do have copies of cop-outs that were sent to different officials here for help." (Document No. 6.) On March 5, 2009, the Court notified Plaintiff pursuant to *Roseboro v. Garrison*, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to the Defendants' Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting her claim as it is  challenged by Defendants in moving for summary judgment. (Document No. 19.) In her Response, however, Plaintiff failed to attach any affidavits or factual material supporting her claim.

in the instant case: Administrative Remedy Numbers 59197[10] and 476409.[11] Accordingly, the undersigned finds that prison officials did not prevent Plaintiff Nekvasil from utilizing the administrative remedy process and Plaintiff's Complaint should be dismissed based upon her failure to exhaust available administrative remedies.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 15.), **GRANT** Defendants' Motion for Summary Judgment (Document No. 16.), **DISMISS** Plaintiff's Complaint as amended (Document Nos. 1 and 4.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

---

[10] On July 13, 2007, Plaintiff filed an administrative remedy request at the institutional level (Remedy No. 59197-F1) complaining that the Health Services Department needed an "overhaul" based on the amount of time it took to go through the pill line. On July 31, 2007, Warden Nelson denied Plaintiff's request. Plaintiff did not appeal. (Document No. 16-2, pp. 8 - 12.)

[11] On December 18, 2007, Plaintiff filed an administrative remedy request at the institutional level (Remedy No. 476409-F1) alleging that she was being denied access to the visiting center. On January 7, 2008, Warden Nelson denied Plaintiff's request. Plaintiff timely appealed the denial at the institutional level to the Regional Office. (Document No. 16-2, pp. 14 - 16, 19 - 20.)

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*, and counsel of record.

Date: August 4, 2009.

R. Clarke VanDervort
United States Magistrate Judge