```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**FRANCIS NEKVASIL,**

    **Plaintiff,**

**v.**                                 **CIVIL ACTION NO. 1:06-0305**

**NEAL REHBERG, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court are plaintiff's application to proceed in forma pauperis (Doc. No. 15) and defendants' motion for summary judgment (Doc. No. 16). By Standing Order entered July 21, 2004, and filed in this case on April 27, 2006, this matter was referred to United States Magistrate Judge R. Clarke VanDervort. Pursuant to 28 U.S.C. § 636(b), the Standing Order directs Magistrate Judge VanDervort to submit proposed findings and recommendation concerning the disposition of this matter. Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation ("PF & R") on August 4, 2009, recommending that this court deny plaintiff's application to proceed in forma pauperis, grant defendants' motion for summary judgment, and dismiss plaintiff's complaint as amended for failure to exhaust administrative remedies. (Doc. No. 24.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which

to file any objections to Magistrate Judge Stanley's PF & R. Under § 636(b), the failure of any party to file objections within the appropriate time frame constitutes a waiver of that party's right to a *de novo* review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiff submitted her objections on August 20, 2009. (Doc. No. 26.) With regard to the magistrate judge's dispositive conclusion that she had failed to exhaust her administrative remedies, plaintiff states as follows:

> Ms. Evans said only the counselor can give a BP9. I verified this with two other councelors [sic] and one case manager and was told it had to be my counselor to give it and except [sic] it back so they could not help me. If needed I have the names. Not one person has denied the way I was treated only that I did not go thru [sic] the right channels, which by their action was denied to me. Please procede [sic] with what ever needs to be done to bring this to a jury trial or some conclusion.

(Id.)

As the magistrate judge noted in the PF & R, plaintiff has never produced the evidence she claims to have in support of her allegation that prison officials denied her access to grievance forms. (See Doc. No. 24 at 11.) In the absence of anything but

-2-

conclusory assertions from plaintiff, the magistrate judge correctly concluded that defendants – whose declarations under 28 U.S.C. § 1746 were corroborated by additional documentation – had sufficiently demonstrated plaintiff's failure to exhaust her administrative remedies. See Evans v. Techs. & Applications Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996)(self-serving opinions without objective corroboration generally considered "not significantly probative").

Having reviewed the Proposed Findings and Recommendation filed by Magistrate Judge VanDervort, the court (1) **ADOPTS** the findings and conclusions set forth therein (Doc. No. 24); (2) **GRANTS** defendants' motion for summary judgment (Doc. No. 16); (3) **DENIES** plaintiff's application to proceed in forma pauperis (Doc. No. 15); (4) **DISMISSES** plaintiff's complaint as amended (Doc. Nos. 1, 4); and (5) **DIRECTS** the Clerk to remove this action from the active docket of this court.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to plaintiff and to all counsel of record.

It is **SO ORDERED** this 28th day of August, 2009.

ENTER:

David A. Faber
Senior United States District Judge